FILED
02 AUG 23 AM 11: 11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

NATIONWIDE MUTUAL INSURANCE }
COMPANY, }
 }
    Plaintiff, }  CIVIL ACTION NO.
 }
v. }  02-AR-1478-M
 }
ANTHONY HALBERT, et al., }
 }
    Defendants. }

ENTERED
AUG 2 3 2002

**MEMORANDUM OPINION**

    The above-entitled cause came on to be heard on the motion of plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), for a judgment against defendant, Tiffany Tanniehill, against whom the Clerk has already entered default. For the reasons stated in open court at the hearing conducted on August 22, 2002, the court concludes that it lacks subject matter jurisdiction because the requisite amount in controversy for diversity jurisdiction is absent. Therefore, the court cannot enter a dispositive order in this case.

    Although Nationwide invoked the Declaratory Judgment Act and 28 U.S.C. § 1332 as bases for jurisdiction, its complaint does not allege the existence of $75,000 or more in controversy, probably because to do so would have violated Rule 11, F.R.Civ.P., and, in fact, the wording of the complaint proves that Nationwide's exposure is much less than $75,000. Nationwide's complaint is for declaratory relief respecting insurance coverage on an auto



accident. *Inter alia*, Nationwide unabashedly alleges: "None of the parties involved were injured due to the accident." The only way a fender-bender like this one could even come close to pulling $75,000 out of the pocket of this insurer would be if the lawyer's fees for defending the insured reached the astronomical $75,000 level, or if the fender on the bender turned out to be on Elvis Presley's Rolls Royce. This is not that case. Even if punitive damages were recoverable as a consequence of some egregious aspect to the conduct of the putative defendant-driver, the "due process" clause protects Nationwide against a runaway verdict that is out of proportion to the actual damages. See *Arnold v. GuideOne Speciality Mutual Insurance Co.*, 142 F. Supp. 2d 1319 (N.D. Ala. 2001), and cases therein cited.

This court understands Nationwide's desire for declaratory relief, but this court reminds itself regularly that it is a court of limited jurisdiction. A defaulting defendant cannot confer jurisdiction on this court simply by defaulting any more than an answering defendant can consent voluntarily to jurisdiction when no basis for subject matter jurisdiction exists. For lack of jurisdiction, the action will be dismissed without prejudice by separate order.

DONE this 23rd day of August, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE